# ORIGINAL

Of Counsel:
GALIHER DeROBERTIS NAKAMURA ONO
Law Corporations

| | |
|---|---|
| GARY O. GALIHER | 2008 |
| L. RICHARD DeROBERTIS | 3179 |
| DEREK S. NAKAMURA | 4273 |
| JEFFREY T. ONO | 2763 |
| DIANE T. ONO | 5590 |

610 Ward Avenue
Suite 200
Honolulu, Hawaii 96814-3308
Telephone: (808) 597-1400

Attorneys for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 2 2 1998

at 10 o'clock and 15 min. AM
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IN RE: ) <br> HAWAII FEDERAL ASBESTOS CASES ) <br> ) <br> This Document Applies To: ) <br> ) <br> ROBERT VILLANUEVA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> 1) OWENS CORNING, formerly known ) <br> as OWENS-CORNING FIBERGLAS ) <br> CORPORATION, a Delaware ) <br> corporation; ) <br> ) <br> 2) OWENS-ILLINOIS, INC., an ) <br> Ohio corporation; ) <br> ) <br> 3) PITTSBURGH CORNING ) <br> CORPORATION, a Pennsylvania ) <br> corporation; ) <br> ) | CIVIL NO. CV 98 00063 HG <br><br> COMPLAINT; DEMAND FOR JURY TRIAL; ASBESTOS PLAINTIFF SUMMARY SHEET; SUMMONS <br><br><br><br><br> (Not Assigned Trial Date) |

4) THE BABCOCK & WILCOX )
COMPANY, a Delaware )
corporation; )
)
5) FOSTER WHEELER )
CORPORATION, a Delaware )
corporation; )
)
6) JOHN CRANE, INC., a )
Delaware corporation; )
)
7) GARLOCK, INC., an Ohio )
corporation; )
)
8) RAPID-AMERICAN CORPORATION )
as Successor-in-Interest to )
PHILIP CAREY CORPORATION, )
CAREY CANADA, PANACON, BRIGGS )
MANUFACTURING COMPANY and in )
its own rights as RAPID- )
AMERICAN CORPORATION, a )
Delaware corporation; )
)
9) COMBUSTION ENGINEERING, )
INC., a Delaware corporation; )
)
10) METROPOLITAN LIFE )
INSURANCE COMPANY, a New York )
corporation; )
)
11) THE FLINTKOTE COMPANY, a )
Massachusetts corporation; )
)
12) ARMSTRONG WORLD )
INDUSTRIES, INC., formerly known )
as ARMSTRONG CORK COMPANY, a )
Pennsylvania corporation, )
registered to do business in )
the State of Hawaii; )
)
13) GAF CORPORATION, a )
Delaware corporation, )
Successor-in-Interest to )
RUBEROID COMPANY, a Delaware )
corporation; )

```
                                          )
14) ASBESTOS CLAIMS MANAGEMENT)
CORPORATION, Successor-In-Interest        )
to NATIONAL GYPSUM COMPANY,               )
INC., a corporation;                      )
                                          )
15) UNITED STATES GYPSUM                  )
COMPANY, a Delaware                       )
corporation;                             )
                                          )
16) A.P. GREEN INDUSTRIES,                )
INC., a Delaware corporation;             )
                                          )
17) QUIGLEY COMPANY, INC.,                )
a New York corporation;                   )
                                          )
18) FLEXITALLIC, INC.,                    )
a Delaware corporation;                   )
                                          )
              Defendants.                 )
                                          )
```

D:\03716A01\PLEADING\ETY03COM.DOC

## COMPLAINT

FIRST CAUSE OF ACTION:

1.     The matter in controversy in this case exceeds the sum of FIFTY THOUSAND DOLLARS ($50,000.00), exclusive of interest and costs and the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1332 due to diversity of citizenship and the Defendants are not incorporated in the State of Hawaii and do not have their principal place of business in the State of Hawaii.

2.     Plaintiff ROBERT VILLANUEVA was a shipyard worker, carpenter, wharf builder, and worked in other capacities and is hereinafter referred to as "Plaintiff".

3.      Plaintiff is a citizen of the City and County of Honolulu, State of Hawaii;

Defendant 1) OWENS CORNING, formerly known as OWENS-CORNING FIBERGLAS

CORPORATION, a Delaware corporation; Defendant 2) OWENS-ILLINOIS, INC., an Ohio

corporation; Defendant 3) PITTSBURGH CORNING CORPORATION, a Pennsylvania

corporation;  Defendant 4) THE BABCOCK & WILCOX COMPANY, a Delaware corporation;

Defendant 5) FOSTER WHEELER CORPORATION, a Delaware corporation; Defendant 6)

JOHN CRANE, INC., a Delaware corporation; Defendant 7) GARLOCK, INC., an Ohio

corporation; Defendant 8) RAPID-AMERICAN CORPORATION, a Delaware corporation, is

the Successor-in-Interest to PHILIP CAREY CORPORATION, CAREY CANADA,

PANACON, BRIGGS MANUFACTURING COMPANY; Defendant 9) COMBUSTION

ENGINEERING, INC., a Delaware corporation; Defendant 10) METROPOLITAN LIFE

INSURANCE COMPANY, a New York corporation; Defendant 11) THE FLINTKOTE

COMPANY, a Massachusetts corporation; Defendant 12) ARMSTRONG WORLD

INDUSTRIES, INC., formerly known as ARMSTRONG CORK COMPANY, a Pennsylvania

corporation, registered to do business in the State of Hawaii; Defendant 13) GAF

CORPORATION, a Delaware corporation, Successor-in-Interest to RUBEROID COMPANY, a

Delaware corporation; Defendant 14) ASBESTOS CLAIMS MANAGEMENT

CORPORATION, Successor-In-Interest to NATIONAL GYPSUM COMPANY, INC., a

corporation; Defendant 15) UNITED STATES GYPSUM COMPANY, a Delaware corporation;

Defendant 16) A.P. GREEN INDUSTRIES, INC., a Delaware corporation; Defendant 17)

QUIGLEY COMPANY, INC., a New York corporation; and Defendant 18) FLEXITALLIC,

INC., a Delaware corporation; were doing business in the State of Hawaii at all times mentioned herein.

4.    Plaintiff is informed and believes, and upon such information and belief, alleges that at all times and places mentioned herein, each of the Defendants was the agent or co-conspirator of each of the remaining Defendants, and was at all times and places mentioned herein acting within the purpose and scope of said agency or conspiracy.

5.    About and during the period of time between the years 1925 and 1981, Defendants above named, manufactured, sold and/or supplied certain generically similar asbestos products which were ultimately used in private industries in the State of Hawaii, Kwajalein, and other locations.   About and during the period of time between the years 1925 and 1981, Defendants above named also manufactured, sold and/or supplied certain generally similar asbestos products which were ultimately used at the Public Works Center, located in and around Pearl Harbor Naval Shipyard, and at other government facilities and installations in and around Pearl Harbor Naval Shipyard, and other locations.

6.    Plaintiff ROBERT VILLANUEVA was engaged in his employment as a carpenter and in other capacities in private industries in the State of Hawaii, Kwajalein, and other locations during the years 1964 to 1977, and was also engaged in his employment as a shipyard worker, carpenter, wharf builder, and in other capacities at the Public Works Center, located in and around Pearl Harbor Naval Shipyard, and at other government facilities and installations in and around the State of Hawaii during the years 1977 to present and worked where the said asbestos products were being used and was repeatedly exposed to great quantities of asbestos, asbestos dust and asbestos fibers and on these and other occasions Plaintiff inhaled

asbestos dust and fibers from said asbestos products and said exposures and inhalation directly and proximately caused Plaintiff to develop asbestos-related diseases and injuries to his lungs, chest cavity, cardiovascular system and other parts of his body, and which were not discovered and/or were disguised until about June, 1997.

7.    The said injuries to Plaintiff were caused by the negligence of Defendants, and each of them.

8.    At all times and places mentioned herein, Defendants, and each of them, negligently designed, manufactured, selected materials, assembled, inspected, tested, maintained for sale, marketed, distributed, leased, sold, recommended and delivered the hereinabove described certain asbestos products in such manner so as to cause said asbestos products to be in a defective and unsafe condition, and unfit for use in the way and manner such products are customarily treated, used and employed; and, that said Defendants, and each of them, negligently failed to discover said defects and/or failed to warn and/or adequately test and give adequate warning of known or knowable dangers of asbestos products to users of said products of said defects and dangers and/or failed to find or use a safe substitute insulating material.

9.    At all times and places mentioned herein, Defendants, and each of them, carelessly and negligently permitted dangerous and defective asbestos products to exist at the hereinabove described locations; and furthermore, Defendants, and each of them, negligently failed to provide Plaintiff a safe place of employment by reason of their acts, omissions and conduct.

10.    As a result of the above, Plaintiff contracted asbestos-related diseases and injuries to his lungs, chest cavity, cardiovascular system, and other bodily injuries, including shock, great pain of mind and body, fear of cancer and fear of death, and has been permanently injured.

11.    As a further result of the above, Plaintiff has incurred medical bills and miscellaneous expenses, and asks leave to amend this Complaint to show the total thereof at the trial.

12.    As a further result of the above, Plaintiff sustained wage losses, to be shown at the time of trial.


SECOND CAUSE OF ACTION:


13.    Plaintiff realleges and incorporates herein by reference, paragraphs 1 through 12 of the First Cause of Action.

14.    At all times and places mentioned herein, Defendants, and each of them, were engaged in the business of designing, manufacturing, assembling, maintaining for sale, testing, inspecting, marketing, distributing, recommending and selling, leasing, renting and supplying asbestos products.

15.    About and during the period of time between the years 1925 through 1981, hereinabove described asbestos products were in substantially the same condition as at the time of design, manufacture, assembly, testing, inspection, marketing, distribution and sale.

16.    At all times and places mentioned herein, said asbestos products failed to meet consumer expectations of safety, and were unreasonably dangerous and in a defective condition

as to design and marketing, and Defendants failed to warn or give adequate warning calculated to reach the ultimate users or consumers of the dangers of asbestos products, all of which directly and proximately resulted in the injuries and damages sustained by Plaintiff.

17.     By reason of the premises, Defendants, and each of them, are strictly liable to Plaintiff.

THIRD CAUSE OF ACTION:

18.     Paragraphs 1 through 17 are realleged and incorporated herein by reference.

19.     At all times and places mentioned herein, Defendants, and each of them, at the time of design, manufacture, and sale of said asbestos products expressly and impliedly warranted that said asbestos products as hereinabove described were of merchantable quality, properly designed, manufactured and reasonably fit and suitable for ordinary use in private industries in the State of Hawaii, Kwajalein, and other locations and suitable for ordinary use in the ship construction, ship overhaul and ship refitting industries as well as for ordinary use on other government facilities and installations in and around Pearl Harbor Naval Shipyard and other locations.

20.     At all times and places mentioned herein, Defendants, and each of them, breached said warranty, in that, among other things, said asbestos products were not of merchantable quality nor properly designed nor manufactured nor fit for ordinary use in the industry; that said asbestos products were designed, manufactured, fabricated, assembled, supplied, marketed, sold and distributed in such a dangerous and defective condition that said asbestos products were

8

reasonably likely to, and did, cause injury by reason of Defendants' design and manufacture and failure to warn; and further said asbestos products could not safely be used by a person exercising ordinary and reasonable care.

21.    As a direct and proximate result of these breaches of expressed and implied warranties, Plaintiff suffered injury, disease, and damage as is herein set forth.

FOURTH CAUSE OF ACTION:

22.    Paragraph 1 through 21 are realleged and incorporated herein by reference.

23.    As a direct and proximate result of the Defendants manufacturing asbestos insulation materials and placing them in the stream of interstate commerce, Plaintiff has been injured as described herein.

24.    Plaintiff, through no fault of his own, may not be able to identify any or all asbestos products which caused the injuries stated herein.

25.    Each Defendant manufacturer is liable for Plaintiff's injuries in proportion to that Defendant manufacturer's share of the asbestos materials market.

FIFTH CAUSE OF ACTION:

26.    Paragraphs 1 through 25 are realleged and incorporated herein by reference.

27.    As a direct and proximate result of the Defendants manufacturing asbestos materials and placing them in the stream of interstate commerce, and their subsequent use

in private industries and in shipyards and on ships and on government facilities and installations, and so that the aforesaid described materials came into use by the Plaintiff, and/or to which he came in contact, Plaintiff has been injured as described herein.

28.    There is a high probability that the injuries stated herein were caused by the tortious behavior of some one of the Defendants.

29.    Defendants concertedly adhered to a dangerous, industry-wide safety standard in their manufacture of the asbestos products.

30.    Each Defendant manufacturer is liable to Plaintiff for all injuries stated herein by virtue of industry-wide or enterprise liability.


SIXTH CAUSE OF ACTION:


31.    Paragraphs 1 through 30 are realleged and incorporated herein by reference.

32.    At all times and places mentioned herein, Defendants, and each of them, so designed, manufactured, selected materials, assembled, inspected, tested, maintained for sale, marketed, distributed, leased, sold, rented, recommended and/or delivered the hereinabove described certain asbestos products so as to know said asbestos products to be in a defective and unsafe condition, and unfit for use in the way and manner such products are normally used and intentionally caused the injuries hereinabove described to Plaintiff in his capacities as a shipyard worker, carpenter, wharf builder, and in other capacities.

SEVENTH CAUSE OF ACTION:

33.     Paragraphs 1 through 32 are realleged and incorporated herein by reference.

34.     Beginning in the late 1920's, conspirators Defendants Metropolitan Life Insurance Company (hereinafter sometimes referred to as "Metropolitan"), Johns-Manville, Raybestos-Manhattan and others undertook a duty to conduct research on asbestos-related health problems and to inform the consuming public about any health risks that could be associated therewith.  In approximately 1929, Metropolitan, through its agents and employees acting within the scope of their agency and employment, including but not limited to Dr. Anthony J. Lanza (hereinafter sometimes referred to as "Lanza"), began an investigation of asbestos-related health hazards.  In 1935, this study was altered by Lanza, with the full knowledge of Metropolitan, at the request of and in concert with the asbestos industry in order to wrongly influence the United States Public Health Service, the United States medical community and various state legislatures.

35.     Thereafter, Defendant Metropolitan through the acts and omissions of its employees, most notably Dr. Lanza, undertook a series of activities with various members of the asbestos industry including but not limited to Johns-Manville, Raybestos-Manhattan, United States Gypsum, American Brake Blok, and others to suppress and misrepresent the dangers of exposure to asbestos dust to employees of Metropolitan's insureds and the general public and the medical community.

36.     The conspirators through their agent, Dr. Lanza of Metropolitan, made a concerted effort to discredit and to terminate the studies and experiments of certain scientists who were

developing data of profound importance for the area of public health in relation to the cancer hazard which existed for workers and bystanders in the asbestos industry.

37.    As a direct and proximate result of Metropolitan's intentional publication of deceptive and misleading medical data and information, and other conspiratorial acts and omissions, Defendants caused asbestos to be used in the occupational settings where Plaintiff worked and consequently breathed asbestos dust which resulted in Plaintiffs' injuries.  Defendant Metropolitan Life, through its agents and employees and officers, aided and abetted and gave substantial assistance to Johns-Manville and Raybestos-Manhattan in their tortious selling of asbestos products and voluntarily undertook a duty to warn the U.S. Navy, the U.S. Public Health Service, the medical community, and others about the danger of asbestos and consciously and negligently misrepresented the dangers of asbestos to the U.S. Navy, the U.S. Public Health Service, the medical community, and others, all to the ultimate harm of Plaintiffs herein.

38.    Additionally and alternatively, as a direct and proximate result of Metropolitan's actions and omissions, Plaintiff was caused to remain ignorant of all the dangers of asbestos resulting in Plaintiff, his agents, employers and the general public to be aware of the true and full dangers of asbestos, deprive Plaintiff of the opportunity to decide for himself whether he wanted to take the risk of being exposed to asbestos, denied Plaintiff the opportunity to take precautions against the dangers of asbestos and proximately caused Plaintiffs' damages herein.


EIGHTH CAUSE OF ACTION:


39.    Paragraphs 1 through 38 are realleged and incorporated herein by reference.

40.    Plaintiff and others in his position were shipyard workers, carpenters, wharf builders, and others working in close proximity to the asbestos and asbestos-related insulation materials of Defendants, and the presence of Plaintiff as well as others in his position, was known, or, in the exercise of reasonable care, should have been anticipated by the Defendants, and each of them.

41.    The Defendants, and each of them, have been possessed since 1929 of medical and scientific data which clearly indicates that the products, asbestos and asbestosrelated insulation products, were hazardous to the health and safety of Plaintiff and others in his position, and prompted by pecuniary motives, the Defendants, and each of them, individually and collectively, ignored and failed to act upon said medical and scientific data and conspired to deprive the public, and particularly the users, of said medical and scientific data, depriving them, therefore, of the opportunity of free choice as to whether or not to expose themselves to the asbestos products of said Defendants.  As a result, the Plaintiff has been severely damaged as is set forth below.

42.    At all times and places mentioned herein, Defendants, and each of them, so negligently designed, manufactured, selected materials, assembled, inspected, tested, maintained for sale, marketed, distributed, leased, sold, rented, recommended and delivered the hereinabove described certain asbestos products so as to cause said asbestos products to be in a defective and unsafe condition, and unfit for use in the way and manner such equipment is customarily treated, used, and employed in a manner as to amount to reckless and wanton disregard for the safety, health, welfare, and feelings of Plaintiff, and for that reason, Plaintiff claims punitive damages against each Defendant, in the amount shown at trial.

13

WHEREFORE, Plaintiff demands judgment against Defendants in an amount of damages that is above the minimum jurisdictional limits of this Court, as follows:

1.    General damages as are proven at the time of trial;

2.    Special damages as are proven at the time of trial;

3.    Punitive damages as are proven at the time of trial;

4.    For costs incurred herein; and

5.    For such other and further relief as may be deemed just and equitable in the premises, including, but not limited to, prejudgment interest.

DATED:  Honolulu, Hawaii, <u>January 16, 1998</u> .

GARY Ø. GALIHER
L. RICHARD DeROBERTIS
DEREK S. NAKAMURA
JEFFREY T. ONO
DIANE T. ONO
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

COMES NOW Plaintiff ROBERT VILLANUEVA and hereby demands a trial by jury on all issues in the above-entitled action.

DATED:  Honolulu, Hawaii, <u>January 16, 1998</u> .

GARY O. GALIHER
L. RICHARD DeROBERTIS
DEREK S. NAKAMURA
JEFFREY T. ONO
DIANE T. ONO
Attorneys for Plaintiff

<u>ASBESTOS PLAINTIFF SUMMARY SHEET</u>

D:\03716A01\PLEADING\ETY01SSH.DOC

**PRIMARY PLAINTIFF**:  <u>ROBERT VILLANUEVA</u>

Social Security No:  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

Periods of Exposure:  1946 - 1980's

Date/Birth:  06/05/1938

Date/Death:  <u>n/a</u>

Cause/Death:  <u>n/a</u>

<u>Retirement</u>

  <u>n/a</u>

<u>Disability</u>

  <u>n/a</u>

**Smoking History**:

  No. of Cigarettes per day:  <u>Approx 1 & 1/2 ppd</u>

  No. of years smoked:  4 years (1982 - 1985)

  Brand(s):  <u>Winston</u>

**EMPLOYMENT**:

1.  (a)   Name:     Public Works Center
          Address:   Pearl Harbor, HI
    (b)   Employed From:        08/1977         To:         present
    (c)   Job Description:     Carpenter; Wharf Builder


2.  (a)   Name:     Various employers
          Address:   Honolulu, HI
    (b)   Employed From:        1974         To:         1977
    (c)   Job Description:     Carpenter


3.  (a)   Name:     Hokulani
          Address:   Honolulu, HI
    (b)   Employed From:        1973         To:         1974
    (c)   Job Description:     Carpenter; worked on Lone Star townhouse
                              subdivision

4.  (a)   Name:     Global Associates
          Address:   Kwajalein
    (b)   Employed From:        1971         To:         1973
    (c)   Job Description:     Carpenter; form work and finish carpentry


5.  (a)   Name:     Del Webb
          Address:   Honolulu, HI
    (b)   Employed From:        1969         To:         1971
    (c)   Job Description:     Carpenter; finish carpentry at military project
                              (Ohananui nka Hokulani)


6.  (a)   Name:     Sunset Builders
          Address:   Honolulu, HI
    (b)   Employed From:        Approx. 1966    To:         1968
    (c)   Job Description:     Carpenter; framing of Camp Catlin

7.    (a)    Name:    Homes Beautiful
             Address:   Kailua, HI
       (b)    Employed From:         1964        To:        1967
       (c)    Job Description:    Apprentice

**ASBESTOS PRODUCTS**:

(Asbestos cement/mud, cloth, pipe; block covering, brake lining, clutch pads)


Type:  <u>Pipe covering</u>

Trade Name(s):

Manufacturer:

Dates of Exposure:  1977 to present


Type:  <u>Insulation</u>

Trade Name(s):

Manufacturer:

Dates of Exposure:  1977 to present


Type: <u>Packing / Gasket</u>

Trade Name(s):

Manufacturer:

Dates of Exposure:  1977 to present

Type:  <u>Other</u>

Trade Name(s):  Black mastic

Manufacturer:

Dates of Exposure:  1977 to present


Type:  <u>Tile</u>

Trade Name(s):  vinyl asbestos

Manufacturer:

Dates of Exposure:  1971 - 1973


Type:  <u>Roofing</u>

Trade Name(s):

Manufacturer:  Flintkote possibly

Dates of Exposure:  Approx. mid-1960's

**PRIOR CLAIMS FOR ASBESTOS RELATED INJURY**:

Workmen's Comp.:  <u>n/a</u>

 Disability:  <u>n/a</u>

 Lawsuit:  <u>n/a</u>


**MEDICAL HISTORY**:


Diagnosis:  <u>Asbestos-related disease</u>

Date:  07/02/1997

Symptoms:  Pulmonary evaluation

Treating Physician:  Warren Tamamoto, M.D. (Kaiser Permanente)


Diagnosis:  <u>Infiltrate right mid-lung field; left pleural plaques</u>

Date:  05/19/1997

Symptoms:  Chest x-ray for shipyard exam

Treating Physician:  Ordered by Howard Gady, M.D. (Occupational Health Clinic);
        Elizabeth Zachariah, M.D. (radiologist)


Diagnosis:  _____

Date:  1986 - present

Symptoms:  Family physician (primary care)

Treating Physician:  Dr. Michael Yim (Kaiser Permanente)

Diagnosis: _____

Date:  Approx. 1977 - present

Symptoms:  Routine physical exams

Treating Physician:  Naval Medical Clinic (Pearl Harbor, HI)


Diagnosis: <u>Back injury</u>

Date:  1995 - 10/1997

Symptoms:  Chiropractic care

Treating Physician:  Dr. Mark Hoffman


Diagnosis: <u>Back injury</u>

Date:  1995

Symptoms:  Neurosurgery

Treating Physician:  Dr. Bernard Robinson (Kaiser - Moanalua)


Diagnosis: <u>Concussion</u>

Date:  1984

Symptoms:

Treating Physician:  Kaiser - Punawai Clinic


Diagnosis: <u>Bleeding stomach</u>

Date:  Approx. 1978  or 1979

Symptoms:

Treating Physician:  Kaiser Hospital (formerly at Ala Moana Blvd.)


Diagnosis:  Bone spur (left ankle)

Date:  1977

Symptoms:

Treating Physician:  Kaiser Hospital (formerly at Ala Moana Blvd.)


Diagnosis:  Bleeding stomach ulcer

Date:  Approx. 1971

Symptoms:

Treating Physician:  Kwajalein Hospital


Diagnosis:  Varicose veins

Date:  Approx. 1964

Symptoms:

Treating Physician:  St. Francis - Honolulu


**SPOUSE AND DEPENDENTS**:

Not applicable.

**SPECIAL DAMAGES CLAIMED**:

Medical/Hospital:  $<u>To be provided</u>

Loss of Wages:  $<u>To be provided</u>

Burial:  $<u>n/a</u>

D:\03716A01\PLEADING\ETY01SSH.DOC

## DECLARATION UNDER PENALTY OF PERJURY

My name is ROBERT VILLANUEVA, and I have personal knowledge of the foregoing facts and I am competent to testify as follow:

I hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing Asbestos Plaintiff Summary Sheet is true and correct and that this declaration is executed on this day of ____11 / 11____, 1997.


ROBERT VILLANUEVA

D:\03608A01\PLEADING\ETY02DEC.DOC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| IN RE: | ) | CIVIL NO. _____ |
| HAWAII FEDERAL ASBESTOS CASES | ) | |
| | ) | |
| This Document Applies To: | ) | SUMMONS |
| | ) | |
| ROBERT VILLANUEVA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| 1)  OWENS CORNING, formerly known | ) | |
| as OWENS-CORNING FIBERGLAS | ) | |
| CORPORATION, a Delaware | ) | |
| corporation; | ) | |
| | ) | |
| 2)  OWENS-ILLINOIS, INC., an | ) | |
| Ohio corporation; | ) | |
| | ) | |
| 3)  PITTSBURGH CORNING | ) | |
| CORPORATION, a Pennsylvania | ) | |
| corporation; | ) | |
| | ) | |
| 4)  THE BABCOCK & WILCOX | ) | |
| COMPANY, a Delaware | ) | |
| corporation; | ) | |
| | ) | |
| 5)  FOSTER WHEELER | ) | |
| CORPORATION, a Delaware | ) | |
| corporation; | ) | |
| | ) | |
| 6)  JOHN CRANE, INC., a | ) | |
| Delaware corporation; | ) | |
| | ) | |
| 7)  GARLOCK, INC., an Ohio | ) | |
| corporation; | ) | |
| | ) | |
| 8)  RAPID-AMERICAN CORPORATION | ) | |
| as Successor-in-Interest to | ) | |
| PHILIP CAREY CORPORATION, | ) | |

CAREY CANADA, PANACON, BRIGGS )
MANUFACTURING COMPANY and in )
its own rights as RAPID- )
AMERICAN CORPORATION, a )
Delaware corporation; )
                                           )

9)  COMBUSTION ENGINEERING, )
INC., a Delaware corporation; )
                                           )

10) METROPOLITAN LIFE )
INSURANCE COMPANY, a New York )
corporation; )
                                           )

11) THE FLINTKOTE COMPANY, a )
Massachusetts corporation; )
                                           )

12) ARMSTRONG WORLD )
INDUSTRIES, INC., formerly known )
as ARMSTRONG CORK COMPANY, a )
Pennsylvania corporation, )
registered to do business in )
the State of Hawaii; )
                                           )

13) GAF CORPORATION, a )
Delaware corporation, )
Successor-in-Interest to )
RUBEROID COMPANY, a Delaware )
corporation; )
                                           )

14) ASBESTOS CLAIMS MANAGEMENT)
CORPORATION, Successor-In-Interest )
to NATIONAL GYPSUM COMPANY, )
INC., a corporation; )
                                           )

15) UNITED STATES GYPSUM )
COMPANY, a Delaware )
corporation; )
                                           )

16) A.P. GREEN INDUSTRIES, )
INC., a Delaware corporation; )
                                           )

17) QUIGLEY COMPANY, INC., )
a New York corporation; )
                                           )

18) FLEXITALLIC, INC., )

2

a Delaware corporation;                    )
                                           )
                  Defendants.              )
_____   )

D:\03716A01\PLEADING\ETY03COM.DOC

S U M M O N S

STATE OF HAWAII

To the above-named Defendants:

      You are hereby summoned and required to serve upon GALIHER DeROBERTIS

NAKAMURA ONO, Plaintiff's attorneys, whose address is 610 Ward Avenue, Suite 200,

Honolulu, Hawaii 96814-3308, an answer to the Complaint which is herewith served upon you,

within 20 days after service of this summons upon you, exclusive of the day of service.  If you

fail to do so, judgment by default will be taken against you for the relief demanded in the

Complaint.

                                              JAN 2 2 1998
      DATED:  Honolulu, Hawaii, _____ .


                        WALTER A. Y. H. CHINN

                  _____
                  CLERK OF THE ABOVE-ENTITLED COURT



                  _____
                  DEPUTY CLERK


3

JS 44
(Rev 07/88)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law except as provided by local rules of court. This form approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**  ROBERT VILLANUEVA,

**DEFENDANTS**  OWENS CORNING, etc., et al.,

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U S PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U S PLAINTIFF CASES ONLY)
NOTE. IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
GALIHER DeROBERTIS NAKAMURA ONO
610 Ward Avenue  Suite 200
Honolulu HI  96814
Phone:  (808)597-1400

ATTORNEYS (IF KNOWN)

Various

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question
(U.S. Government Not a Party)

☒ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C. § 1332

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury—Med Malpractice
☐ 365 Personal Injury—Product Liability
☒ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
☐ 530 Habeas Corpus
☐ 540 Mandamus & Other
☐ 550 Civil Rights

**FORFEITURE /PENALTY**
☐ 610 Agriculture
☐ 620 Food & Drug
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC (405(g))
☐ 863 DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U S Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce-ICC Rates/etc
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
☐ UNDER FRCP 23

DEMAND $  Monetary Sum

CHECK YES only if demanded in complaint
JURY DEMAND:  ☒ YES  ☐ NO

## VIII. RELATED CASE(S) (See instructions):
IF ANY  Asbestos related cases

JUDGE _____

DOCKET NUMBER _____

DATE  01/16/1998

SIGNATURE OF ATTORNEY OF RECORD  x _____

UNITED STATES DISTRICT COURT

CV98  00063 HG